

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00332-CV

---

JOHN DUFFIE BAKER III, CARLEY BAKER, KAY BAKER,
AND SANDRA WALLER, APPELLANTS

V.

FARMERS NEW WORLD LIFE INSURANCE COMPANY
AND JOSHUA HAESSLY, APPELLEES

---

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-345172-23, Honorable Christopher Taylor, Presiding

---

June 8, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellants, John Duffie Baker, III, Carley Baker, Kay Baker, and Sandra Waller, appeal from the trial court's orders granting summary judgment in favor of Appellees, Farmers New World Life Insurance Company and Joshua Haessly.[1]  Because the appellate record does not contain certain exhibits referenced in Appellants' summary-

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See TEX. GOV'T CODE § 73.001.

judgment response, we abate the appeal and remand the cause to the trial court for supplementation of the clerk's record.

On April 10, 2025, Appellants filed "Plaintiffs' and Intervenors' First Supplement to their Combined Response to Defendant Farmers New World Life Insurance Company's Traditional Motion for Partial Summary Judgment and No-Evidence Motion for Summary Judgment." In that filing, Appellants represented that Exhibits 5 through 7, consisting of recorded telephone calls in WAV format, could not be electronically filed with the district clerk due to limitations of the e-filing system and restrictions on accepted file formats. In lieu thereof, Appellants provided a hyperlink to a Dropbox link purportedly containing the exhibits and furnished the trial court with a flash drive containing same.

This Court, however, is unable to access Exhibits 5 through 7 through the Dropbox link embedded in Appellants' supplemental response and therefore cannot consider or review those exhibits as part of the appellate record. Moreover, even if the exhibits were accessible through the link, the Court would be unable to verify their authenticity or integrity in that format. Accordingly, the trial court is directed to ensure that Exhibits 5 through 7 are provided to the district clerk on appropriate electronic media, such as a flash drive or other compatible storage device, in their original format. The trial court shall further ensure that the exhibits are made part of the trial court record and are available for transmission to this Court.

The trial court shall direct the district clerk to prepare and file a supplemental clerk's record identifying and containing Exhibits 5 through 7 and to transmit the exhibits to this Court on the electronic media provided on or before July 8, 2026.

It is so ordered.

Per Curiam

2